Anderson *v.* Gossett.

STATE *ex rel.* W. A. ANDERSON *v.* C. B. GOSSETT.

ELECTION CONTEST. *Face of returns.* An action which undertakes to go behind the certificate of the returning officer of an election by the people, is a contest of the election within the meaning of our statutes, and, in the case of the office of sheriff, must be commenced and tried under the Code, sec. 889, and not under the Code, sec. 3409, *et seq.*

FROM KNOX.

Appeal from the Chancery Court at Knoxville. W. B. STALEY, Ch.

WEBB & McCLUNG, HENDERSON & JOUROLMON and H. H. INGERSOLL for relator.

H. R. GIBSON and LEWIS TILLMAN, Jr., for respondent.

COOPER, J., delivered the opinion of the court.

On August 5, 1880, an election was held in Knox county for the office of sheriff, the relator, Anderson, and the defendant, Gossett, being the opposing candidates. On the 9th of the same month, the old sheriff, whose duty it was to hold the election, declare the result, and deliver to the person elected a certificate of his election (Code, secs. 839, 864, 874), gave to the defendant a certificate that he had been elected sheriff of said county for the ensuing term of office, "he having received a majority of all the votes legally cast at said election for said office, as duly appears from a

comparison of the polls by me this day made in the court-house in Knoxville, in pursuance of law." On the first day of September following, the defendant presented his certificate to the county court, and was inducted into office. Two days thereafter the present bill was filed, under the provisions of the Code, sec. 3409, *et seq.*, in the name of the State on the relation of Anderson against Gossett, as a usurper of the office, to have the relator's right to the office declared, and to recover from the defendant on behalf of the relator the fees and emoluments received. The defendant demurred to the bill upon the ground, among other causes, that it showed on its face that the defendant had received the certificate of election from the proper returning officer, and been inducted into office, that the bill sought to contest the election by going behind the official return and having a recount of the vote, and that the provisions of the Code, under which the bill was filed, expressly forbid such a contest where, as was the case with the office of sheriff, the validity of the election might be otherwise contested under the Code. The chancellor overruled the demurrer, but with leave to the defendant to rely upon the matters thereof in his answer, which was done. Upon final hearing, the chancellor granted the relief sought except as to the recovery of the fees and emoluments, which he was of opinion must be recovered in another suit. Both parties were dissatisfied, and have brought the decree before us for revision.

The bill proceeds upon the ground that the relator was elected sheriff by a majority of votes, "as ap-

peared from the face of the returns of the election," and was entitled to the certificate of election. And the first point to be considered, raised by the demurrer, is whether the provisions of the Code under which the bill is filed, authorize such a contest?

By the Code, sec. 889, jurisdiction is conferred upon the circuit court to hear and determine all contests of the election of sheriffs. By the Code, secs. 3409, 3411–3413, a suit may be brought by bill in equity, by the attorney-general for the district or county, in the name of the State on the information of a relator, against the offending party, "whenever any person unlawfully holds or exercises any public office or franchise within this State, or any office in any corporation created by the laws of this State." Section 3419 is: "Whenever the action is brought against a person for usurping an office, in addition to the other allegations, the name of the person rightfully entitled to the office, with a statement of his right thereto, may be added, and the trial should, if practicable, determine the right of the contesting parties." Section 3423 is: "The validity of any election which may be contested under this Code cannot be tried under the provisions of this chapter."

The right which a party has in an office is an incorporeal right, and is enforced by a civil proceeding. The contest would be between individuals as to the right to exercise the functions and enjoy the emoluments of the office. And, in a contest over the office of sheriff, it has been said that such contests are tried without the State being a party or represented, and

do not fall within the provisions of the Code, sec. 3409, *et seq.*, providing for cases where a party unlawfully usurps an office. The reason given was, that section 3423 forbids the trial under those provisions of the validity of any election which may be contested otherwise under the Code: *Boring* v. *Griffith*, 1 Heis., 456; *Conner* v. *Conner*, 8 Baxt., 11; *Lewis* v. *Watkins*, 3 Lea, 174, and see *State* v. *McConnell*, 3 Lea, 335. The learned judged who delivered the opinion of the court in the first of these cases, manifestly takes for granted that a contest of "the validity of an election" of the last named section, means the same as a contest of the election under the Code, sec. 889. And he construes the two sections together as meaning that as "all contests of the election of sheriffs" must be heard and determined by the court under sec. 889, any contest of the election of sheriffs cannot be tried under the provisions of section 3409, *et seq.* This construction was adopted in the other cases cited, and can scarcely admit of serious doubt. The intention of the Legislature was to have only one contest over elections, and that the contest should be had in the forum upon which the jurisdiction was expressly conferred. The provisions of the Code, sec. 3409, *et seq.*, might be construed to give an additional remedy, and section 3423 was inserted to exclude such a conclusion. The dissenting opinion in the *State* v. *Wright*, 10 Heis., takes a different view, and argues that the remedies are concurrent. The judge, who delivered the opinion of the court, adopts the more obvious construction that the jurisdiction under section 889 is exclusive,

but argues that a bill filed under section 3409, based upon the returns as made, does not dispute the validity of the election, 'and is, therefore, not a contest of the election. It is in this view only a struggle over the *prima facie* case which entitles the apparently successful party to the certificate of election, leaving the "contest of the election" to be made by a separate suit in the circuit court. The result would be one suit for the form and another for the substance, the latter being postponed until the protracted litigation of the former had terminated. The argument of the opinion does, moreover, assume that the court, in determining the *prima facie* right to the certificate of election, may go behind the certificate, and look at the original returns upon which the returning officer acted. The case did not, however, require a consideration of this point. The opinion itself shows that the commissioner of registration, who was then the returning officer, compared the polls, and summed up the result, which showed the election of the relator by a majority of 176 votes, and thereupon made out a certificate of election for the relator, but for some unexplained reason never delivered it. The opinion further shows that shortly thereafter, the commissioner made his returns of the election to the county court, showing that the relator had received a majority of 176 votes, and marked opposite his name the word "elected." In a day or two thereafter the relator appeared before the county court, produced the official returns which had been filed by the commissioner, and demanded to be inducted into office. The matter was continued by

the court, and, on the day of its final action, the commissioner presented to the court a paper which he styled an amended return, and was permitted to file. By this return, he undertook to throw out the vote of the tenth ward of the city of Memphis, for the reason that there was no voting place legally established therein. He only threw out the vote of this ward in the case of the sheriff's election, allowing it to stand as to the other county officers. It is obvious upon these facts that the commissioner had declared the result of the election, returned that result with the returns to the county court, whose duty it was to induct the person elected into office, in effect declaring the relator elected, and actually prepared a certificate of the election of the relator. He had exhausted his powers, and the subsequent return was not only a nullity, but upon its face a palpable fraud both because, being a mere ministerial officer, he had no power to throw out votes properly returned, and because the reason given for the act would have thrown out the vote as to the other county officers elected at the same time, which was not done. Accordingly, this court held " that the extraordinary conduct of the officer in registering the vote of the tenth ward was an arbitrary usurpation of power; that his powers were exhausted by his first computation and certificate thereof to the relator, and that all his subsequent action was without the warrant of law."

The decision of the court was, therefore, that the commissioner, as the returning officer, had found that the returns showed that the relator was elected sheriff,

and had made a certificate of the fact to the relator, and that his subsequent acts were simply void. It was not necessary to go behind his return and certificate. The court merely ascertained the true return, installed the person entitled under it, and removed a usurper, who had no legal certificate.

The authorities are uniform that, except in a direct proceeding to try the title to the office, the correctness of the decision of the returning officer cannot be called in question: McCrary Law of Elect., sec. 221; Cooley Const. Lim., 788. It is one thing to ascertain that decision, and another thing to impeach it. To go behind it is to contest the election, and such a contest, in the case of a sheriff, must be made under the Code, sec. 889.

The decree below must be reversed, the demurrer of the defendant to the bill sustained, and the bill dismissed with costs of this court and the chancery court.